```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

APRIL TYREE,                        :
                                    :
      Plaintiff,                    :
                                    :
vs.                                 :       CIVIL ACTION 11-0326-M
                                    :
MICHAEL J. ASTRUE,                  :
Commissioner of Social Security,    :
                                    :
      Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 22).  Oral argument was waived in this action (Doc. 21).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative proceedings not inconsistent with the Orders of the Court.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty-one years old, had received a certificate of special education (Tr. 36), and had previous work experience as a fast food worker (Tr. 51). In claiming benefits, Plaintiff alleges disability due to mild mental retardation and headaches (Doc. 13 Fact Sheet).

The Plaintiff filed an application for SSI on April 30, 2008 (Tr. 112-15; *see* Tr. 11). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Tyree could not perform her past relevant work, there were specific jobs which she was capable of doing (Tr. 11-22).

Plaintiff requested review of the hearing decision (Tr. 7) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Tyree alleges that:  (1) The ALJ improperly determined that she did not meet the requirements of Listing 12.05C; and (2) the ALJ did not pose a comprehensive hypothetical to the vocational expert (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 17).  The Court notes that, because of the specific claims raised herein, it will be unnecessary, as is customary, to set out the medical evidence herein.

Plaintiff first claims that she meets the requirements for Listing 12.05C.  The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2011).  Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R.

3

Part 404, Subpart P, Appendix 1, Listing 12.05C (2011).

In the decision, the ALJ specifically found the following:

> [W]hile the claimant does have a valid verbal, performance, or full scale IQ of 60 through 70, she does not have a physical or other mental impairment imposing an additional and significant work-related limitation of function.  I acknowledge that the claimant experiences headaches for which she receives treatment and that the treatment is not always successful in controlling the headaches.  However, based on the information contained in Dr. Hongsakaphada's treatment records, as well as the claimant's own testimony, I find that the frequency of the headaches is not such that they interfere with the claimant's ability to perform basic work activities.  Giving the claimant the benefit of the doubt regarding her headaches, I have limited the claimant to no performance of work activities at unprotected heights and no work involving dangerous moving equipment.  I do not find these non-exertional limitations to be a significant impediment to the performance of basic work related activities.

(Tr. 17).

Plaintiff argues that the ALJ has acknowledged that the first prong of 12.05C, the IQ requirement, has been met (Doc. 13, pp. 5-6).  The Court agrees.

Tyree further argues, however, that the medical evidence of record shows that the second prong, requiring "a physical or other mental impairment imposing an additional and significant

work-related limitation of function" has also been met because of her headaches (Doc. 13, pp. 6-8).  As support, Plaintiff points to case language holding that the second prong requirement is met once there is a finding that the claimant has an additional severe impairment because the requirement of "significant work-related limitation of function" "involves something more than 'minimal' but less than 'severe.'"  *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985).  The *Edwards* Court specifically held that "[o]nce a claimant is found to have a 'severe impairment' within the meaning of § 404.1520(c), he is deemed disabled (he must also meet the durational requirement), and the analysis comes to an end."  *Edwards*, 755 F.2d at 1515.

The Defendant has responded that the holding in *Edwards* is no longer good law as it was superseded fifteen years later by regulation (Doc. 17, pp. 7-8).  The current regulation specifically states as follows:

> For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, *i.e.*, is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c).  If the additional impairment(s) does not cause limitations that are "severe" as defined in

5

> the §§ 404.1520(c) and 416.920(c), we will
> not find that the additional impairment(s)
> imposes "an additional and significant work-
> related limitation of functions," even if
> you are unable to do your past work because
> of the unique features of that work.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00A (2011).  The Court also notes that the Federal Register sets out the motivation behind changing the regulation, stating as follows:

> We always have intended the phrase to mean
> that the other impairment is a "severe"
> impairment, as defined in §§ 404.1520(c) and
> 416.920(c).  We have explained this policy
> previously in our training manuals, in
> Social Security Ruling 98-1p, and in Social
> Security Acquiescence Ruling (AR) 98-2(8).
> Therefore, [] we revised the fourth
> paragraph of final 12.00A, which explains
> how we assess the functional limitations of
> an additional impairment under listing
> 12.05C.  The revised paragraph states that
> we will assess the degree of functional
> limitation the additional impairment imposes
> to determine if it significantly limits an
> individual's physical or mental ability to
> do basic work activities; "i.e., is a
> 'severe' impairment(s), as defined in §§
> 404.1520(c) and 416.920(c)."
>     Sections 404.1520(c) and 416.920(c)
> note that we must base our assessment of
> whether an impairment is severe on the
> limitations that the impairment imposes on
> the individual's physical and mental
> abilities to do basic work activities.  When
> we do this, we do not consider factors such
> as the individual's age, education, or past
> work experience.  Thus, although the other
> impairment in listing 12.05C may not prevent

>       the individual from doing his or her past
>       work, it may still cause an "additional and
>       significant work-related limitation of
>       function."  Conversely, if the other
>       impairment prevents the individual from
>       doing his or her past work because of the
>       unique features of that work, but does not
>       significantly limit the individual's ability
>       to do basic work activities, we will find
>       that the impairment does not satisfy the
>       "additional and significant work-related
>       limitation of function" requirement in
>       listing 12.05C.

65 Fed.Reg. 50746, 50772-73 (August 21, 2000).

After reviewing the current regulation and the language in the Federal Register, the Court acknowledges that the second prong in Listing 12.05C requires evidence of an additional severe impairment.  The Court also understands that, at the time of *Edwards*, the definition of severe impairment was not as stringent as required by the new regulation.  *See Black v. Astrue*, 678 F.Supp.2d 1250, 1262 (M.D. Ala. 2010) ("Under an earlier version of this Listing, our circuit interpreted this as something that is 'significant' but less than a 'severe impairment' as defined in Step 2").

However, this understanding does not negate the ALJ's finding at step two that Plaintiff's headaches are severe (Tr. 15).  The Court does not understand how an impairment that is severe at step two becomes not severe for step three analysis

when the definitions are the same for both.[1]  Other courts have reached the same conclusion.  *Black*, 678 F.Supp.2d at 1262; *Carroll v. Astrue*, 2009 WL 1708073, *1 (M.D. Ala. 2009 ("The standard for an "additional and significant" limitation is the same as for a "severe" impairment under 20 C.F.R. 404.1520(c) or 416.920(c)").  The Government has failed to bridge the gap to demonstrate that a finding in step two is no longer relevant in later steps of the analysis.

   The Court also notes that the ALJ goes on to specifically find that the frequency of Plaintiff's headaches will not interfere with her ability to work (Tr. 17).  Tyree stated at the evidentiary hearing that she had headaches once or twice a week and that they cause nausea, vomiting and sensitivity, requiring her to go to bed in a dark room (Tr. 43-44).  Medical records from her doctor confirm the frequency of the headaches (Tr. 396-99).  The Court also notes that the ALJ did not find Plaintiff's testimony not credible.  The Court does not understand how the ALJ could find—at any step—that Tyree's

---

[1] The Court finds Defendant's reference to *Delia v. Commissioner of Social Security*, 433 Fed.App'x. 885, 887 (11th Cir. 2011) to be inapplicable.  In *Delia*, the ALJ determined that an impairment was not severe at step two but gave it further analysis as though it were a severe impairment at later steps; the Eleventh Circuit Court of Appeals found this harmless.  Here, the ALJ found the headaches to be severe at step two, yet finds them otherwise in later analysis (Tr. 13, 17).  This is not harmless error.

headaches would not interfere with her ability to work without dismissing her testimony as non-credible.

The Court finds that the ALJ's opinion is not supported by substantial evidence. Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's headaches. Judgment will be entered by separate Order.

DONE this 1st day of February, 2012.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE